IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jeffrey Scott Erwin, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:06-1283-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Universal Underwriters Insurance Company, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Universal Underwriters Insurance Company's ("Universal") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. After review, the court grants Universal's motion for summary judgment.

## I. FACTUAL BACKGROUND

The facts in this case are largely undisputed. On October 19, 2004, Marsha Kay Sims ("Sims") rented a car ("rental car") from Vic Bailey Rental ("VBR"). (Def.'s Mem. Supp. Summ. J. Ex B (Rental Agreement 1).) Sims rented the car as a replacement vehicle for her own car. (Pl.'s Mem. Opp'n Summ. J. 1.) However, she did not bring her car to VBR or Vic Bailey Ford, Inc. ("VBF") for service or any other reason. (Def.'s Mem. Supp. Summ. J. 1.) The rental car agreement ("Rental Agreement") required Sims to provide liability insurance covering her and VBR. Specifically, the contract provided that "You [Sims] are responsible for all damage or loss you cause to others or their property. You agree to provide auto liability, collision and comprehensive insurance covering You, Us [VBR] and the Vehicle." (Def.'s Mem. Supp. Summ. J. Ex. B (Rental Agreement 2).) Sims provided liability insurance pursuant to this provision through a policy underwritten by Lincoln General Insurance Company ("Lincoln

General"). (Def.'s Mem. Supp. Summ. J. Ex. C (Lincoln General Policy 1).) Additionally, the Rental Agreement required VBR to "provide auto liability insurance (the "Policy") that is secondary to any other valid and collectable insurance whether primary, secondary, excess or contingent." (Id. Ex. B (Rental Agreement 2).) VBR satisfied the requirement through a policy with Sedgewick Insurance Company ("Sedgewick"). (Id. Ex. A (Gary Judd Aff. ¶ 7); Ex. D (Sedgewick Policy 1-2).)

On October 22, 2004, Sims was driving the rental car northbound on South Church Street in Spartanburg County, South Carolina, when she turned left in front of Jeffrey Scott Erwin ("Erwin"), who was driving his motorcycle southbound on South Church Street. (Am. Compl. ¶ 3.) The rental car collided with Erwin's motorcycle, resulting in severe injuries to Erwin. (Id.) Both Lincoln General and Sedgewick tendered their individual policy limits of $15,000.00 to Erwin. However, Erwin claims that because his medical bills were in excess of One Hundred Thirty Thousand Dollars ($130,000.00), the limits tendered by Lincoln General and Sedgewick were insufficient to compensate him for his injuries and medical expenses. (Pl.'s Mem. Opp'n Summ. J. 1).)

Universal Underwriters Insurance Company ("Universal") provided insurance coverage under an umbrella policy to VBF and Vic Bailey, Jr. ("Universal Policy"). (Def.'s Mem. Supp. Summ. J. 1.) While ownership of the rental car is in dispute, Erwin alleges that at the time of his collision with Sims, VBR was a sole proprietorship owned by Vic Bailey, Jr., an insured under the Universal Policy. (Pl.'s Sur-Reply Opp'n Summ. J. 1.) Therefore, Erwin alleges that Vic Bailey, Jr. owned the rental car and that the Universal Policy covered the rental car. (Am. Compl. ¶ 4.) In the instant declaratory judgment action, Erwin asks the court to "declare

2

[Universal] has coverage available to pay in the tort action involving the injuries and damages suffered by [Erwin], declare the respective rights and duties of the parties with respect to such insurance coverage, and for such other and further relief as the Court deems just and proper." (Am. Compl. 2.)

In its motion for summary judgment, Universal argues that Erwin lacks standing to bring the instant action because he is not an insured and has not yet received a judgment against an insured under the Universal Policy. (Def.'s Mem. Supp. Summ. J. 2.) Further, Universal argues that even if Erwin could establish liability against an insured under the Universal Policy, the rental car was explicitly excluded from coverage by the Universal Policy. (Id. 4-10.)

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be

counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Standing

It is undisputed that neither Sims nor Erwin is an insured under the Universal Policy. Nevertheless, Erwin claims coverage exists under the "auto hazard" provision of the Universal Policy. (Pl.'s Mem. Opp'n Summ. J. 4.) This provision states that Universal "will pay all sums the INSURED legally must pay as DAMAGES . . . because of INJURY to which this insurance applies caused by an OCCURRENCE arising out of . . . AUTO HAZARD." (Def.'s Mem. Supp. Summ. J. Ex. E (Universal Policy 39).) An "auto hazard" is defined as:

> the ownership, maintenance, or use of any AUTO YOU own or which is in YOUR care, custody or control and:
> 
> (1)     used for the purpose of GARAGE OPERATIONS;
> (2)     used principally in GARAGE OPERATIONS with occasional use for other business or nonbusiness purposes;
> (3)     furnished for the use of any person or organization.

(Id. Ex. E (Universal Policy 39).) Erwin argues that because the rental car was furnished for Sims' use, it falls within the third element of the definition of an "auto hazard."

The auto hazard provision is located in Unicover Coverage Part 500 ("Part 500") of the Universal Policy. (Id. Ex E (Universal Policy 39).) Part 500 "applies only when it is shown in the declarations. Such insurance applies only to those insureds . . . designated for each coverage as identified in declarations . . . ." (Id. Ex. E (Universal Policy 39).)

4

The only named insured designated under Part 500 in the declarations is VBF. (Id. Ex. E (Universal Policy 1-I).) Pursuant to an endorsement to the Universal Policy, Vic Bailey, Jr. is named as an additional insured under Coverage Part 500, but "only with respect to any AUTO not owned by [Vic Bailey, Jr.] or any member of their household." (Def.'s Mem. Supp. Summ. J. Ex E (Universal Policy I-J, 98).) Further, the definition of "auto hazard" with respect to Vic Bailey, Jr. is changed to "the use of any AUTO . . . not owned by the individual or FAMILY MEMBERS . . . ." (Id. Ex. E (Universal Policy 98).) Erwin alleges that Vic Bailey, Jr. owned the rental car and that coverage exists under the unmodified definition of "auto hazard" in the original Coverage Part 500 not affected by the endorsement. Therefore, under the definition of "auto hazard" that Erwin argues provides coverage for the rental car, VBF is the only insured. Further, to the extent Vic Bailey, Jr. is an insured under Coverage Part 500, the rental car would be excluded since Erwin alleges that Vic Bailey, Jr. owned the rental car.

> The South Carolina Supreme Court has held that:
>
> the injured person is not a party to the [insurance] contract and has . . . no primary standing to litigate a dispute between the insured and insurer until and unless he establishes liability against [the insured]. Before judgment is obtained on a tort claim, the standing of the parties to the policy and the standing of the injured party are greatly different.

Park v. Safeco Ins. Co. of America, 162 S.E.2d 709, 711 (1968). While Erwin concedes that he has not obtained a judgment against VBF, Erwin argues that the tender by Sims' liability carrier, Lincoln General, effectively admits liability. (Pl.'s Mem. Opp'n Summ. J. 3.) Lincoln General's tender, however, fails to establish VBF's liability as a separate, incorporated entity. "Undoubtedly a corporation is, in law, a person or entity entirely distinct from its stockholders and officers." J.J. McCaskill Co. v. United States, 216 U.S. 504, 514 (1910).

VBF is the only named insured under the applicable Coverage Part 500 of the Universal Policy. Therefore, Erwin must establish liability against VBF in order to have standing to bring the instant action against Universal. Erwin has not received a judgment against VBF or otherwise alleged any facts establishing VBF's liability for Erwin's injuries. While Erwin alleges that Vic Bailey, Jr. owned the rental car involved in the collision via his sole proprietorship of VBR, Vic Bailey, Jr. is not an insured listed under the version of Coverage Part 500 that contains the definition of "auto hazard" that Erwin argues provides coverage for his injuries. Because Erwin has not received a judgment against VBF or otherwise established liability against VBF for Erwin's injuries resulting from the collision with Sims, Erwin lacks standing to bring the instant case against Universal.

### C. Exclusion

Further, even if Erwin could establish liability against an insured under the Universal Policy, the Universal Policy explicitly excluded from coverage the rental car driven by Sims. Coverage Part 500 contains the following exclusion:

> **EXCLUSIONS –** This insurance does not apply to:
> (i)   INJURY arising out of the ownership, use, loading or unloading of any;
>     (1)   AUTO, while . . .
>         (iii)   leased or rented by YOU to others, except to:
>             (1)   YOUR partners, paid employees, directors, stockholders, or executive officers for use principally in GARAGE OPERATIONS and AUTO HAZARD;
>             (2)   YOUR customers for a term of two months or less when it temporarily replaces the CUSTOMER'S AUTO, or when the customer is awaiting delivery of any AUTO purchased from you . . .

(Def.'s Mem. Supp. Summ. J. Ex. E (Universal Policy 44.)

Erwin argues that this exclusion does not apply to the facts of this case for two reasons. First, Erwin argues that because Sims rented the car as a temporary replacement for her own car, the second exception to the exclusion applies so that coverage exists. However, "customer's auto" is a term explicitly defined in the Universal Policy as "an AUTO not owned by [VBF] but in [VBF's] care, custody or control for safekeeping, storage, service or repair." (Id. Ex. E (Universal Policy 40).) It is undisputed that Sims' car was not in VBF's care, custody, or control for safekeeping, storage, service, or repair when Sims rented the car. Therefore, this exception to the exclusion does not apply, and the language of the exclusion bars coverage of the rental car driven by Sims.

Second, Erwin argues that the exclusion does not bar coverage because there is no causal connection between the exclusion and his loss. In South Carolina, "an insurance exclusion does not limit coverage unless it is causally related to the loss." South Carolina Ins. Guar. Ass'n v. Broach, 353 S.E.2d 450, 451 (S.C. 1987). "The rationale of [this] rule is that when the parties made the contract of insurance, they were not inserting a mere arbitrary provision, but it was the purpose of the insurance company to relieve itself of liability from accidents caused by the excluded provision." Id. (internal quotation marks omitted). Further, Erwin argues that the language of the exclusion itself requires that Erwin's injuries must have been caused by VBF's rental of the vehicle to Sims. See McPherson v. Michigan Mut. Ins. Co., 426 S.E.2d 770, 771 (1993) ("[F]or the purpose of construing an exclusionary clause in a general liability policy, 'arising out of' should be narrowly construed as 'caused by.'")

Under both requirements, the causal connection is established by the facts of this case. The exclusion applies to injuries caused by the use of a vehicle leased to Sims by the insured to

7

others.  Erwin suffered an injury caused by the use of an auto while leased to Sims by an alleged insured.  See Goldston v. State Farm Mut. Auto. Ins. Co., 594 S.E.2d 511, 521 (S.C. Ct. App. 2004) (holding that a similarly-worded exclusion in an insurance policy "applie[d] to all bodily injury and property damage arising out of the use or entrustment of an auto" and excluded coverage of injuries resulting from being struck by an auto).  Erwin's injuries were exactly those Universal intended to exclude from coverage.  Therefore, no coverage exists under the Universal Policy for Erwin's injuries.  Based on the foregoing, Universal's motion for summary judgment is granted.

Therefore, it is

**ORDERED** that Universal's motion for summary judgment, docket number 20, is granted.

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            United States District Judge

Greenville, South Carolina
January 4, 2007